STATE HIGHWAY COMMISSIONER *v.* HAHN.

1. EMINENT DOMAIN—MEASURE OF DAMAGES—BORROW.
    Damages for taking of sand and gravel by State to use in highway construction are measured by value of minerals in place, and not by difference in value of land before and after the taking, where the right to remove minerals is condemned.

2. SAME—MEASURE OF DAMAGES—SAND AND GRAVEL.
    Circuit court confirmation of damage award for land on which right to remove sand and gravel was condemned, which award comprised a sum for the value of the minerals in place and another sum for temporary use of the land on which minerals were located, *held,* proper.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  26 and 27 Am Jur 2d, Eminent Domain §§ 173, 267, 269, 281, 282, 290.

Appeal from Alpena; Glennie (Philip J.), J. Submitted Division 3 May 31, 1966, at Grand Rapids. (Docket No. 960.) Decided September 13, 1966. Leave to appeal granted by Supreme Court December 9, 1966. See 378 Mich 743, 380 Mich 115.

Petition by State Highway Commissioner against Arthur E. Hahn and Jacqueline Hahn, husband and wife, for condemnation of certain lands for highway purposes. The circuit court confirmed an award to named defendants which included damage to land and value of sand taken from land for use as fill in highway construction. Plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Thomas D. Stone,* Special Assistant Attorney General, for plaintiff.

*Robert D. Mandenberg,* for defendants.

Burns, J. Appellant instituted proceedings in eminent domain pursuant to PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.* [Stat Ann 1958 Rev and Stat Ann 1965 Cum Supp § 8.171 *et seq.*]), for the improvement of State trunkline highway M–32 in Alpena County.

The court commissioners made an award in the amount of $10,413.60. This award was broken down into 2 sums: value of borrow on a cubic yard basis, $8,906.10; and damages for temporary use of land, $1,507.50. The circuit court confirmed said award.

By a determination of necessity dated December 4, 1963, the appellant took 12.5 acres of land from appellees' 23-acre parcel for the specific purpose of:

"The right to enter upon and occupy with the necessary machinery and equipment the hereinafter described lands and to take and remove therefrom rock, sand, gravel, and/or earth in any quantity for

highway construction purposes, and to store and stockpile highway material thereon, which right shall expire upon the completion of the construction of the proposed project: The north 12.5 acres of, 'The east 1/3 of the west 1/2 of the northeast 1/4, except the north 20 rods thereof, section 29, T 31 N, R 5 E, Green township, Alpena county, Michigan.'

"The lands described above for borrow purposes contain an area of 12.5 acres, more or less."

Testimony was adduced at the hearing as to the change in the character of appellees' land. The commission did view the property in question. What was once farm land is now waste land, useless to the owner unless a considerable sum is spent for restoration, and access to the back portion of the land has been limited.

It is stipulated by counsel that the estimated damage to the land ranges from $825 to $1,507.50. It is further stipulated that the award for borrow was $8,906.10 and that this amount was arrived at by multiplying 178,122 cubic yards of borrow removed by 5 cents per cubic yard.

The theory of the State is that compensation for damage in this case would properly be measured by the application of the "before and after" rule which only recognizes the damage to the land even though the taking was for the specific purpose of acquiring sand or borrow.

The land owners' theory, relying on an exception to the usual rule, is that in a condemnation for the specific purpose of acquiring borrow at a site located near but away from the highway right-of-way, the borrow removed should be treated as personal property, irrespective of the value of the land containing such deposits, and that the rule pertaining to the condemnation of personal property should therefore apply.

228   4 Mich App 225.   [Sept.

OPINION OF THE COURT.

This case is governed by *State Highway Commissioner v. Fegin* (1966), 2 Mich App 698. Judge T. G. Kavanagh stated on page 704:

"If the right to remove minerals is condemned their value in place must be established to fix the damage."

There was testimony presented to the commission by James E. Allen, manager of the Alpena county road commission, that the county had paid land owners in the general area 5 cents per cubic yard for the right to remove borrow.

The award is within the range of evidence presented and should be affirmed.

Affirmed, with costs to appellees.

Holbrook, P. J., and Hoffius, J., concurred.