STATE HIGHWAY COMMISSIONER *v.* HAHN.

Opinion of the Court.

1. Eminent Domain—Condemnation of Minerals—Measure of Damages.

Damages for condemnation of right to remove minerals is measured by their value in place, and not by the difference in value of land before and after the taking.

2. Same—Measure of Damages—Sand and Gravel—Temporary Use.

Confirmation of damage award for land on which right to remove sand and gravel was condemned, which award comprised a sum for the value of the minerals in place and another sum for temporary use of the land on which minerals were located, is not disturbed where no issue with reference to compensation for temporary use of the land was presented to Supreme Court for decision.

Separate Opinion.

Brennan, J.

3. Eminent Domain—Borrow—Damages.

*Statute, by not providing for State highway department to condemn property for purpose of acquiring the right to take borrow from the land, allows the undesirable result of a person getting in excess of $10,000 for a farm worth less than $2,300 and still being able to keep the farm (CL 1948, § 213.171).*

---

References for Points in Headnotes

[1] 27 Am Jur 2d, Eminent Domain § 290.
Determination in eminent domain proceedings of market value of land as affected by mineral deposits or similar conditions. 156 ALR 1416.

[2] 26 Am Jur 2d, Eminent Domain § 167.
Damages resulting from temporary conditions incident to a public improvement as a taking or damaging within constitutional provision. 68 ALR 340, 98 ALR 956.

[3] 27 Am Jur 2d, Eminent Domain § 321 *et seq.*; 50 Am Jur, Statutes § 369.

Appeal by leave granted from Court of Appeals, Division 3, Holbrook, P. J., and Burns and Hoffius, JJ., affirming Alpena, Glennie (Philip J.), J.   Submitted November 8, 1967.   (Calendar No. 22, Docket No. 51,605.)   Decided February 17, 1968.

4 Mich App 225, affirmed.

Petition by State Highway Commissioner against Arthur E. and Jacqueline Hahn for condemnation of certain lands for highway purposes.   The circuit court confirmed an award to named defendants which included damage to land and value of sand taken from land for use as fill in highway construction.   Court of Appeals affirmed.   Plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Thomas D. Stone,* Special Assistant Attorney General, for plaintiff.

*Robert D. Mandenberg,* for defendants.

Souris, J.   Article 10, § 2, Constitution of 1963 provides that private property shall not be taken for public use without just compensation therefor. CL 1948, § 213.171 (Stat Ann 1958 Rev § 8.171) authorizes the State highway commissioner to take, by exercise of the power of eminent domain, certain private property for public use, including "gravel, rock, sand, dirt and any and all other materials that may be needed for the proper construction, improvement or maintenance of a highway."

In 1963, acting pursuant to the cited statute, the highway commissioner asserted the right to enter upon 12-1/2 acres of the 23-acre Arthur Hahn farm in Alpena county; to occupy it with machinery and

equipment; and to remove therefrom rock, sand, gravel, and earth in any quantity for highway construction purposes. The commissioner and the owners were unable to agree upon a mutually satisfactory price and condemnation proceedings were commenced.

Ultimately, after determination of necessity, occupation of the land and actual taking of sand therefrom, the Honorable Philip J. Glennie, Alpena county circuit judge, confirmed a report by commissioners appointed to determine the compensation to be paid the Hahns. The commissioners determined that the Hahns were entitled to receive compensation for the sand taken, valued as is and in place, and for the public's temporary use of the land. On appeal by the State highway commission to the Court of Appeals, that Court affirmed. 4 Mich App 225. The issue presented by this appeal, on our grant of leave (378 Mich 743), is whether compensation payable to the Hahns should be limited to the difference between the value of the land affected before the taking of minerals therefrom and its value after the taking, or whether compensation should be determined by the value of the minerals taken, determined as is and in place.

In *State Highway Commissioner* v. *Fegin* (1966), 2 Mich App 698, the facts of which are remarkably similar to those of this case of Hahn,* the Court of Appeals decided that if the right to remove minerals is condemned, as was done here, the value of the minerals in place determines the compensation which must be paid the owner. We approve and expressly adopt the conclusion of the Court of Appeals in *Fegin* and the reasoning on which it is based.

---

* See, also, *State Highway Commissioner* v. *Green* (1967), 5 Mich App 583.

*Fegin* did not decide whether in such cases the owner would be entitled, as well, to receive compensation for the public's temporary occupancy of his land for the purpose of removing minerals and for any consequential damages thereto. While the commissioners in the case at bar awarded the Hahns compensation for the State's temporary occupancy of their land, in addition to compensation for the minerals removed, no issue with reference thereto was presented to this Court for decision.

Affirmed. Appellees may tax their costs.

DETHMERS, C. J., and KELLY, BLACK, T. M. KAVANAGH, O'HARA, ADAMS, and BRENNAN, JJ., concurred with SOURIS, J.

BRENNAN, J. (*concurring*). I concur with Justice SOURIS because as I read the statute, the highway department is not permitted to condemn the fee for the purpose of acquiring the right to take borrow from the land. I do not, however, think this case should pass through our Court without some comment being made upon this unfortunate statutory loophole. Mr. Hahn is getting something in excess of $10,000 for a farm which is worth less than $2,300, and he still gets to keep the farm, though admittedly it is not of much value anymore. Any schoolboy can see that such a state of law is most undesirable, not only because it represents an utter waste of tax dollars, but also because it represents the kind of windfall which can stir the dormant larceny in all but the most noble breast. So long as goodies like this flow from the highway department's cornucopia, it can be expected that competition among prospective condemnees will be keen. And the decision as to which farmer will receive the bonanza will not be made in a vacuum.