STATE HIGHWAY COMMISSION *v.* McLAUGHLIN

1. EMINENT DOMAIN—CONDEMNATION—COMPENSATION—MINERALS IN
PLACE—INSTRUCTIONS TO JURY.

   The value of the minerals in place is the measure that must be
   used in determining the compensation to be awarded when
   minerals are condemned for use in building a highway, and
   the value in place must be determined on a cubic yard basis
   rather than an acreage basis.

2. EMINENT DOMAIN—CONDEMNATION—COMPENSATION—BENEFITS TO
REMAINING LAND—SPECULATION.

   Benefits to property resulting from condemnation may be con-
   sidered in arriving at the compensation to be paid the owner
   of property unless the benefits in question are purely specula-
   tive.

3. EMINENT DOMAIN — CONDEMNATION — BENEFITS TO REMAINING
LAND — SPECULATION.

   Testimony in condemnation action that land from which gravel
   had been taken for highway was benefited because the gravel
   pit had filled with water and could be developed as a resort
   area together with testimony about various activities and
   expenses of development was too speculative to establish any
   increase in value of the land to its owners.

Appeal from Branch, Mark S. Andrews, J. Sub-
mitted Division 3 December 5, 1969, at Grand Rapids.
(Docket No. 4,311.)   Decided February 24, 1969.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  27 Am Jur 2d, Eminent Domain § 290.
[2]  27 Am Jur 2d, Eminent Domain § 266.
[3]  27 Am Jur 2d, Eminent Domain §§ 266, 357.

Petition by the Michigan State Highway Commission against John D. McLaughlin and Eileen T. McLaughlin for condemnation of land for highway purposes. Commissioners' award of damages confirmed by circuit court. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *William H. Schwan,* Assistant Attorneys General, for plaintiffs.

*Arthur G. Lyon,* for defendants.

BEFORE: R. B. BURNS, P. J., and J. H. GILLIS and CORKIN,* JJ.

R. B. BURNS, P. J.    Plaintiff instituted proceedings in condemnation pursuant to PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.* [Stat Ann 1958 Rev and 1965 Cum Supp § 8.171 *et seq.*]), for the construction of part of interstate highway I–69.

The proceedings involved 4 separate interests:

1. Title in fee simple to the north 60 feet of the west 170 feet of the parcel, a part of Pearl Beach road, required in the construction of the Pearl Beach road overpass of highway I–69.

2. The right of ingress and egress between the above-described portion of the parcel and the remainder of the parcel.

3. The right to construct a temporary road on a part of the parcel (south 50 feet of the north 110 feet of the west 110 feet fronting on Pearl Beach road) which was to terminate upon completion of construction.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

4. The right to enter upon and remove rock, sand, gravel and earth for highway construction purposes from 10.3 acres of the southerly extremity of the parcel, which was to expire upon completion of construction of the proposed project.

Plaintiff claimed defendants should not receive any compensation because the benefits to their property exceeded the damage. The claimed benefits accrued when the State excavated below the water table and left a pond of 4.95 acres. Plaintiff's expert testified that defendants' property was now worth more than it was before the condemnation as it could be developed into a resort area, although the project would require considerable expense.

Defendants claimed the pond was not a benefit but a detriment, and in any event the benefits claimed by the State were not such benefits as were contemplated by the legislature when enacting the statute, and in addition were speculative. Defendants also asked that they be compensated for the borrow removed from the land on a cubic yard valuation.

Defendants claim on appeal that the trial court erred by instructing the commission that it could value the borrow by using units of cubic yards or acres. They also claim the court erred by instructing the commission that it could consider any benefits accruing to the land in determining damages.

This Court has held on 2 different occasions that when mineral rights were condemned for their use the measure of damages was the value of the minerals in place. *State Highway Commission* v. *Fegin* (1966), 2 Mich App 698 and *State Highway Commission* v. *Hahn* (1966), 4 Mich App 225. In both cases the awards based the value of the borrow on the price per cubic yard multiplied by the quantity taken. The State now asks the Court to make an exception to this rule by allowing the commission

to determine the value of the borrow by using either of 2 methods: the price of the borrow per cubic yard, or the price of the borrow per acre.

If damages were computed on the acreage basis, the actual amount of borrow taken could vary substantially from one acre to another depending upon the depth of the excavation. To be consistent when determining damages for condemnation of mineral rights the valuation should be based on the number of cubic yards taken.

The statute does provide that benefits may be taken into consideration in estimating damages for condemnation of lands for highway purposes. The plaintiff's expert, F. E. Gutschenritter, testified that because the gravel pit had filled with water it could be developed into a resort area. He also testified that such a development would require the construction of a road from Pearl Beach road to the development area, surveyors' expenses, engineers' expenses, percolation tests, sales commissions and overhead. In *State* v. *Davis* (La App, 1963), 149 So 2d 164, 169, the State's expert testified that a borrow pit could be converted into a marina by connecting it with a nearby bayou which would result in the lots adjacent to the borrow pit having additional value as water front property. The Court stated:

"Valuations in expropriation suits should not be based on speculative testimony that by expensive alterations or preparations the property might be made suitable for some specialized use, by reason of which the property would theoretically have enhanced market value."

The testimony in the present case established that any benefits were speculative and that great expense would be involved to alter the property for resort use.

The trial court erred by instructing the commission that it could consider the value of the mineral rights (borrow) in place by using either the cubic yard or acre method, and by instructing the commission that it could consider the speculative benefits accruing to the defendants.

The case was submitted to the commission on improper instructions. Remanded for new trial. Costs to appellants.

All concurred.